

JUL 13 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

UNITED STATES OF AMERICA,

Plaintiff/Respondent,

vs.

ROBERT STEVEN McINTEE,

Defendant/Movant.

Cause No. CR 02-09-BU-DWM
CV 17-76-BU-DWM

ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY

This case comes before the Court on Defendant/Movant McIntee's motion to vacate, set aside, or correct his revocation sentence, pursuant to 28 U.S.C. § 2255. McIntee is a federal prisoner proceeding pro se.

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

McIntee claims the Bureau of Prisons is calculating his sentence wrongly because it has not taken into account the reduction he received under the "drugs minus two" amendment to the sentencing guidelines. He points to paperwork showing that his prison sentence was 188 months, whereas it was reduced, on March 6, 2015, to 157 months. *Compare* Judgment (Doc. 74) at 2, *with* Am.

Judgment (Doc. 176) at 1.

McIntee is currently serving a revocation sentence of 18 months. *See* Revocation Judgment (Doc. 209) at 3. The Bureau of Prisons' website shows that it intends to release him on July 17, 2018. His motion plainly lacks merit as his prior sentence is not the basis for his current detention. Further, even if his current sentence is not being executed correctly, a motion under 28 U.S.C. § 2255 is not an appropriate remedy. McIntee might have a remedy under 28 U.S.C. § 2241, but a habeas petition would have to be filed in the District where is incarcerated. *See, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). At this point his release date is so near that it is not in the interest of justice to transfer his § 2255 motion to that District. *See* 28 U.S.C. § 1631.

Because McIntee has not made any showing that he has been deprived of a constitutional right, a certificate of appealability is not warranted. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED:

1. McIntee's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 216) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if McIntee files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and

in CV 17-76-BU-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against McIntee.

DATED this 13th day of July, 2018.

Donald W. Molloy
United States District Court